INDIAN NATIONS COUNCIL, INC., BOY SCOUTS OF AMERICA, Appellant,

v.

Scott L. GRAHAM, Bernie Wagner, D.C. Anderson, James H. Beavers and Robert W. Henry, Jr., Successor Trustees to Marvin Tucker, Trustee for Troup 104, Boy Scouts of America, Broken Bow, Oklahoma, Bob Tucker or Marvin Tucker, as Trustees for Boy Scouts of America, Broken Bow, Oklahoma, Marvin Tucker and Bob Tucker, Appellees.

No. 74713.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 17, 1991.

Reuben Davis, Boone, Smith, Davis, Hurst & Dickman, Roger R. Scott, Tulsa, for appellant.

Floyd L. Walker, William A. Caldwell, Pray, Walker, Jackman, Williamson & Marlar, Tulsa, for appellees.

Michael R. Vanderburg, City Atty., Broken Arrow, for amicus curiae City of Broken Arrow.

## CORRECTION ORDER AND ORDER FOR PUBLICATION

BAILEY, Judge:

Appellant Indian Nations Council, Inc., Boy Scouts of America (INC) seeks review of the Trial Court's order dismissing INC's motion to vacate a previous order of the Trial Court for INC's perceived lack of standing. Herein, INC asserts (1) no bar of its claim by res judicata, (2) INC's standing to bring the instant action on behalf of the local Boy Scout Troops of Broken Arrow, Oklahoma, and (3) specific, express authority from the local Boy Scout Troops to defend the local Troops' interests in the subject property held in trust for the local Troops' use and benefit.

In the mid-1940's, the then-owner of a 400 acre tract of land deeded the property to Marvin Tucker or Bob Tucker as Trustees for the Boy Scouts of America (BSA) of Broken Arrow, Oklahoma, and the land later became known as Camp Russell. In 1967, INC commenced an action against the Tuckers as Trustees, alleging malfeasance of the Trustees in office so as to warrant Trustees' removal, and praying for conveyance of the Camp Russell property to INC as the proper trustee of the interests of the Boy Scouts of Broken Arrow under the rules and by-laws of the Boy Scouts of America.

Trustee Marvin Tucker demurred to INC's petition. After hearing in 1969, the Trial Court sustained Tucker's demurrer to INC's petition, finding "[t]hat the demurrer ... should be sustained, that no grounds have been proven for the removal of said Trustee, [and] that [INC's] petition as to that allegation is dismissed." At that time, the Trial Court further found:

... [F]or the purpose of clarifying the future administration and operation of the trust, ...:

· · · · ·

2. That it was the intent of [the trustor] to establish a Trust exclusively for the benefit and use of the Troops of the Boy Scouts of America of Broken Arrow, Oklahoma, and the Court decrees this Trust to be continued in such exclusive benefit and use; [and] that the Trust cannot be enlarged to include any civic or community groups which are not a part of the Boy Scout organization.

Tucker subsequently applied for additional instruction from the Trial Court regarding operation of the Trust. In response thereto, the Trial Court entered its order, providing *inter alia*, that the Trustee could permit use of Camp Russell by other Boy Scout Troops in the area, and investment of

monies by INC in development of the property, as in the discretion of the Trustee he might deem proper without interfering with the use by the local Boy Scout Troops. However, the Trial Court further specifically held:

> [T]hat the expenditure of [INC] of any sum of money on this property or an expenditure by any other organization [will] not give that party any vested interest in this property.

In 1970, Tucker resigned as Trustee, and the Trial Court subsequently appointed successor trustees with set terms of service, the last to expire in 1976, with replacements to be appointed by the Trial Court.

In 1983, the local Boy Scout Troops submitted a resolution to the successor Trustees proposing development of Camp Russell as a "scout training facility, and long range scout camp," and calling upon INC and the trustees to implement the plan. However, it appears that no action was ever taken on the local Troops proposal for development of the tract by the Camp Russell trustees.

Then, in June, 1989, the successor trustees, Appellees herein, applied to the Trial Court for an order authorizing execution and implementation of an agreement with the City of Broken Arrow for development of Camp Russell, partly as a city park and partly for Boy Scout use with the local Boy Scout Troops having first priority of use. Under the agreement, City would develop the property by the addition of various facilities, including a miniature golf course, swimming pool, amphitheater, narrow gauge railroad, riding stables and equestrian trails, picnic shelters and a headquarters building, upon completion of which City would be appointed successor trustee of the land. *Without notice to any of parties hereto, either INC or the local Boy Scout Troops,* the Trial Court granted the Appellee Trustees application.

In August, 1989, INC filed the subject motion, seeking vacation of the previous order allowing development of Camp Russell by the City of Broken Arrow, and further seeking *inter alia* discharge of the successor trustees and injunctive relief to prevent implementation of the City development plan. Appellee Trustees moved to dismiss, asserting INC's lack of standing, the independent legal existence of the beneficiary local Boy Scout Troops having been previously recognized by the Trial Court in 1969. City of Broken Arrow moved to intervene in the action, claiming an interest in the Camp Russell property by virtue of the development agreement with the Appellee Trustees.

At hearing on Appellees' motion to dismiss, INC presented, *inter alia,* evidence of establishment of the Boy Scouts of America (BSA) by Congressional charter, rules and regulations of the BSA requiring annual renewal of local troops' individual charters by and through INC having exclusive "scouting authority" over the individual troops, and by-laws of INC to the effect that "title to all real estate acquired for an individual [troop to be] vested in (a) the name of [INC] . . ., (b) the operator of such [troop] (if the operator is a chartered organization or community group), or (c) a bank or trust company, in each case in trust for the use of the [troop]." INC also introduced a "Resolution and Authorization" from each of the local BSA Troops of Broken Arrow, Oklahoma, consenting to, requesting, authorizing and directing INC to "represent, defend, negotiate and transact all things required on behalf of the Troop[s] concerning the administration or development of Camp Russell," and thereby uncontrovertedly establishing that none of the local BSA troops had been consulted concerning Trustees' agreement with City, nor had any of the local BSA troops received notice of Trustees' application for an *ex parte* approval of Trustees' agreement with City. INC thus asserted proper standing under 60 O.S.1981 § 175.23(C) as a "person affected by administration of the trust" to challenge the Trustees' actions.

In opposition, Appellees referred to the prior orders of the Trial Court, arguing

that the prior orders constituted "law of the case," and that the issue of INC's standing had thereby been previously adjudicated and denied. The Trial Court agreed with Appellees, and dismissed INC's motion to vacate, finding:

1. That the law of this case is that the [INC], BSA, is not a beneficiary under the trust ... as previously construed by this court.

2. That BSA is not a trustee, beneficiary or person affected within the meaning of 60 O.S. § 175.23(C).

3. The [INC] BSA is not the real party in interest (12 O.S. § 2017) and the law of this case.

INC now appeals as aforesaid.

Under the facts and circumstances of this particular case, we find the Trial Court erred for a number of reasons. First, the undisputed evidence clearly demonstrates that the local BSA Troops of Broken Arrow, Oklahoma have no independent legal existence outside the penumbra of the charter, rules, regulations, articles, by-laws and authority of the Congressionally chartered parent National Council of the Boy Scouts of America and the regional authority, INC. See, *First Nat'l. Bank of Chicago v. Canton Council of Campfire Girls, Inc.,* 81 Ill.App.3d 932, 37 Ill.Dec. 200, 401 N.E.2d 1293 (1980), rev'd. on other grounds, 85 Ill.2d 507, 55 Ill.Dec. 824, 426 N.E.2d 1198; *San Diego County Council, Boy Scouts of America v. City of Escondido,* 92 Cal.Rptr. 186, 14 Cal.App.3d 189 (1971). Second, we do not believe the Trial Court's previous holding, establishing the BSA Troops of Broken Arrow as the sole beneficiaries of the trust, to be conclusive on the issue of INC's standing so as to constitute a bar to INC's assertions, as the issue of INC's standing was not, by our reading of the record, ever squarely and previously determined. Cf., *Bras v. First Nat'l. Bank & Trust Co.,* 735 P.2d 329 (Okl.1985); *Oklahomans for Life, Inc. v. The State Fair of Oklahoma, Inc.,* 634 P.2d 704 (Okl.1981). Third, the local BSA Troops unanimously agreed that INC was the proper authority to protect their interests in the trust, and considering what we perceive as an inextricable relationship between the local Troops and INC, we fail to see how the Trial Court could hold that INC is not "affected by operation of the trust so as to render INC a proper party under 60 O.S. § 175.23(C), and we reject Amicus Curiae's assertion of INC as a threat to the trust itself.

The order of the Trial Court dismissing INC's motion to vacate is therefore REVERSED and the cause REMANDED for further proceedings.

GARRETT, P.J., and ADAMS, J., concur.