2017 OK CIV APP 44

## IN RE the DECLARATION OF TRUST CREATING THE AVERY FAMILY TRUST As Amended:

**John Neel Zink, Successor Co-Trustee, Petitioner/Appellant,**

v.

**Etta May Avery, Original Co-Trustee; Nancy Ann Mcgill, Successor Co-Trustee; and Mickey G. Shackelford, Successor Co-Trustee, Respondents/Appellees.**

### Case Number: 115705

Court of Civil Appeals of Oklahoma, Division No. 3.

Decided: 08/17/2017

Mandate Issued: 09/20/2017

James C. Milton, Courtney L. Kelley, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for Petitioner/Appellant.

Tony W. Haynie, Henry G. Will, C. Austin Birnie, CONNER & WINTERS, LLP, Tulsa, Oklahoma, for Respondents/Appellees.

Bay Mitchell, Presiding Judge:

¶1 Petitioner/Appellant John Neel Zink (Zink) appeals from a Journal Entry of Judgment dismissing his claims against Respondents/Appellees Etta May Avery (Etta May), Nancy Ann McGill (McGill), and Mickey G. Shackelford (Shackelford) (collectively, Respondents). The court found that Zink, as a former co-trustee, did not have standing to bring his claims under 60 O.S. 2011 175.23(C) and, therefore, the court did not have jurisdiction over this action. We find Zink qualifies as a "person affected by the administration of the trust estate" under 175.23(C). The court erred by dismissing the case. Accordingly, we reverse and remand.

¶2 On April 27, 1999, Jacqueline Avery Zink created the Avery Family Trust (the Trust). The Trust was created exclusively for charitable purposes. The original trustees of the Trust were Jacqueline and her sisters, Millicent A. Ogilvie and Etta May Avery. In 2005, Jacqueline appointed Zink and Billie Coffee as successor co-trustees of the Trust. Jacqueline died soon after. Millicent died in April 2010.[1] The remaining trustees executed an amendment to the Trust (the 2010 Amendment), which provided that "Each of the current Trustees, Etta May Avery, John Neel Zink and Billie Coffee, may continue to serve as long as she or he is willing and able to serve." The 2010 Amendment also provided that Etta May had the right to appoint persons to fill vacant trustee positions, to

---

1. Millicent apparently did not appoint a successor co-trustee to serve after her death.

appoint additional trustees, or to appoint a successor trustee, but also provided that "[e]ach appointment of an individual who has not previously served as a Trustee hereunder shall be for an initial term of two years." In December of 2010, Coffee died, leaving Etta May and Zink as the only remaining trustees.

¶3 On January 14, 2014, Etta May appointed McGill and Shackelford as additional co-trustees of the Trust. On July 28, 2014, Respondents executed a new amendment to the Trust (the July 2014 Amendment). Like the 2010 Amendment, the July 2014 Amendment granted lifetime appointments to the then-serving trustees (Etta May, Zink, McGill and Shackelford). In August 2014, Respondents executed another amendment to the Trust (the August 2014 Amendment), which removed the language granting the trustees lifetime appointments, inserted language providing that only Etta May had a lifetime appointment, and granted Etta May the authority to remove any individual co-trustee from office. Zink did not sign either of the 2014 amendments. On August 14, 2014, Etta May removed Zink as co-trustee.

¶4 Zink filed suit on August 12, 2016. Zink sought a finding that the August 2014 Amendment and his removal were invalid; a determination that he was still an active co-trustee; and injunctive relief preventing the destruction of previous improvements on Trust property. Respondents filed a motion to dismiss. Respondents argued that Zink did not have standing to bring his claims under 60 O.S. 2011 175.23(C). Respondents further argued that Zink could not maintain the action because the Attorney General has the exclusive right to bring an action challenging the administration of a charitable trust. After a hearing, the court found that Zink lacked standing under 175.23 and granted Respondents' motion to dismiss. The court did not address Respondents' second ground for dismissal.

¶5 "Motions to dismiss are generally viewed with disfavor." *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶4, 230 P.3d 853, 856. "The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim." *Id.* When reviewing a motion to dismiss, "the Court must take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them." *Id.* We review a trial court's dismissal of an action *de novo. Id.*, ¶4, 230 P.3d at 855-56. Statutory construction likewise presents a question of law, which we review *de novo. Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶14, 859 P.2d 1081, 1084. Such review is plenary, independent and non-deferential. *Id.*

¶6 Respondents argued that Zink, as a former co-trustee, did not have standing to bring his claims under 175.23. Section 175.23(A) gives the trial court the authority to construe trust instruments. Subsection (C) provides, in part, that "[a]ctions hereunder may be brought by a trustee, beneficiary, or any person affected by the administration of the trust estate." Respondents argue that a person seeking to qualify as a "person affected by the administration of the trust estate" must have interests that are "inextricably intertwined" or otherwise directly aligned with the interests of the beneficiaries. Respondents cite *Indian Nations Council, Inc., Boy Scouts of America v. Graham*, 1991 OK CIV APP 89, 817 P.2d 1288, in support of this proposition.

¶7 *Indian Nations Council*, however, did not narrowly define the language of 175.23(C) as asserted by Respondents. There, the Indian Nations Council sought to intervene in a dispute over a campsite between a trustee and the beneficiaries, the local Boy Scout Troops, even though the Indian Nations Council was neither a trustee nor a beneficiary. *Id.*, ¶7, 817 P.2d at 1290. The Court noted that the local Boy Scout Troops "have no independent legal existence outside the penumbra of the charter, rules, regulations, articles, by-laws and authority of the ... regional authority [the Indian Nations Council]." *Id.*, ¶10, 817 P.2d at 1291. Further, the Court noted that the local troops unanimously agreed that the Indian Nations Council was the proper authority to represent their interests in the trust and that there was an "inextricable relationship between the local Troops and [the Indian Nations Council]." *Id.* For these reasons, the

Court found that the Indian Nations Council was a proper party under 175.23(C). *Id.* The Court did not, however, hold that such a relationship was *required* to qualify as a "person affected by the administration of the trust estate."

¶ 8 As a former trustee whose trustee status was revoked by Respondents, Zink was certainly affected by the administration of the Trust estate. Further, according to Zink, the land owned and managed by the Trust contains Zink's grandfather's grave site and residence, as well as other improvements. We fail to see how the trial court could conclude that Zink is not a person affected by the administration of the Trust. Zink has standing to bring his claims.

¶ 9 Respondents also alleged that the Zink lacked standing because the Attorney General has the exclusive right to maintain proceedings involving the administration of a charitable trust. The trial court did not address this argument and specifically noted that "all other issues pending before the court are hereby rendered moot" by the court's finding that Zink lacked standing under 175.23. The parties debate the merits of this theory in the Petition in Error and Response to the Petition in Error. However, because the issue was explicitly left undecided below, we will not address it on appeal. *See In re: Guardianship of Stanfield,* 2012 OK 8, ¶ 27, 276 P.3d 989, 1001 ("This Court does not make first-instance determinations of disputed issues of either law or fact in the exercise of its appellate jurisdiction.") (footnote omitted).

¶ 10 Finally, Respondents argue that the August 2014 Amendment and Zink's removal were valid pursuant to 60 O.S. 2011 175.17(A), which provides that "[a]ny power vested in three or more trustees may be exercised by a majority of the trustees[.]" This argument, however, is premature. The issue decided by the trial court, and currently before this Court, is whether Zink has standing to proceed with his claims. Whether 175.17(A) applies to validate the actions of Respondents has no bearing at this stage of the proceeding.

¶ 11 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BUETTNER, C.J., and SWINTON, J., concur.