[Civ. No. 9922. Fourth Dist., Div. One. Jan. 8, 1971.]

SAN DIEGO COUNTY COUNCIL, BOY SCOUTS OF AMERICA, Plaintiff and Appellant, v.
CITY OF ESCONDIDO, Defendant and Respondent.

[Civ. No. 10104. Fourth Dist., Div. One. Jan. 8, 1971.]

DARBY ANN DEAVER, a Minor, etc., et al., Plaintiffs and Appellants, v.
THOMAS C. LYNCH, as Attorney General, etc., et al.,
Defendants and Respondents.

(Consolidated Appeals.)

## COUNSEL

Jones, Hatfield, Norman & Penfield and Clinton F. Jones for Plaintiffs and Appellants.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Carl Boronkay, Deputy Attorney General, Vern B. Thomas, City Attorney, F. V. Lopardo and Kenneth H. Lounsbery for Defendants and Respondents.

## OPINION

AULT, J.—These are consolidated appeals by the plaintiffs from adverse judgments entered in two similar actions brought to enforce a charitable trust. In each case the plaintiffs seek a declaration the City of Escondido holds title to certain real property in trust for the benefit of the boy scouts of Palomar District and the girl scouts of the Escondido area. The two cases are based upon the same facts, seek the same relief and raise the same issue of the plaintiffs' standing to sue.

### PROCEEDINGS BELOW

In the first action, phrased as a representative suit, the plaintiff is the San Diego County Council, Boy Scouts of America. It alleges it brings the action on behalf of the boy scouts and girl scouts of the Escondido area. The named defendant is the City of Escondido. After the pleadings were completed and a joint pretrial statement filed, the case proceeded to trial. After the first witness was sworn, the defendant objected to the introduction of evidence on the ground, ". . . there is no cause of action

stated in the complaint by eligible parties." The objection was sustained, the plaintiff's motion to amend the complaint was denied and judgment was entered for the defendant on the pleadings.

In the second action, couched as a class suit, a single boy scout and a single girl scout (Scott and Darby Ann Deaver) sued on behalf of themselves and all other boy and girl scouts of the Escondido area. They joined as defendants the City of Escondido and Thomas C. Lynch, the Attorney General. Both defendants demurred to the first amended complaint on the ground it failed to state a cause of action. The Attorney General also moved to strike an amendment to the first amended complaint. The trial court granted the motion to strike, sustained the demurrers without leave to amend and entered a judgment of dismissal.

In both proceedings, the complaints allege the City of Escondido claims to hold the real property, which was the subject of the trust, in fee and free and clear of the original trust agreement. It is also alleged the City intends to sell the property free and clear of the restrictions created by the trust agreement. In the Deaver case, a second cause of action alleges the transfer of the property to the City was made for the express purpose of canceling the trust. Both complaints asked the court to declare the City of Escondido holds title to the property as trustee, either express or involuntary, for the benefit of the Escondido branches of the Boy Scouts of America and the Girl Scouts of America. The plaintiffs in both actions are represented by the same attorneys.

### FACTS

The facts are not disputed. They are alleged in detail in the first amended complaint filed in the Deaver action and are fairly summarized in the plaintiffs' opening brief in that action. Further condensed the facts alleged are:

In 1946 the real property in question, situated in Escondido, was deeded by Grape Day Association of Escondido (Grape Day) to the Security Trust & Savings Bank of San Diego (the Bank).

On August 30, 1948, the Bank recorded the deed. On that same day the Bank and Grape Day executed a trust agreement in which the Bank acknowledged that it held the property in trust. Paragraph Third of the agreement provided: "The trust property hereinabove described and the proceeds thereof are hereby irrevocably dedicated to charitable purposes, to-wit, for the use, benefit and enjoyment of the Boy Scouts of Palomar District in San Diego County, and Girl Scouts of Escondido, that is to say for the use, benefit, and enjoyment of *those boys who from time to*

*time may be members* of the Boy Scouts Organizations in the Palomar District of San Diego Area Council, and for the use, benefit and enjoyment of *those girls who may from time to time be members* of the Girl Scouts Organizations of Escondido, and *shall be used in general in the·furtherance of the work and ideals fostered and encouraged by the Boy Scouts and Girl Scouts organizations.*" (Italics added.)

The trustee was given power to sell the property and was to use the proceeds of any such sale for the purposes of the trust.

On December 29, 1955, the Bank conveyed the property to the Escondido Youth Recreation Association, Inc. (the Association), which had been formed for the purpose of administering the trust. On the same day the Bank and the Association entered into an agreement which expressly provided the Association held title as trustee and subject to the terms of the original trust agreement.

On May 29, 1959, the Association conveyed the property to the City of Escondido which had notice of the existence of the trust and of the fact that the Association held title as trustee. The deed contained the statement: "This grant is made to the City of Escondido for use of the property granted for park purposes and particularly for youth activities." The property was alleged to be worth $100,000; the consideration paid by Escondido was $1.

On July 19, 1968, the Association quitclaimed to the City all right, title and interest in the property, for no consideration. A few days after the quitclaim deed, the Escondido City Council met and pledged to use the proceeds of any sale of the property "for youth parks and recreational capital developments."

## Issue

The only significant question raised on appeal is whether the plaintiffs, in either action, have standing to sue to enforce a charitable trust.

### The San Diego County Council, Boy Scouts of America, Action

The plaintiff admits its complaint is defective, recognizes the fact the Attorney General and others should have been made parties to the action and concedes the trial court was justified in sustaining the defendant's objection to the introduction of evidence. It contends the court erred in not permitting the complaint to be amended.

█ The court should indulge in great liberality in allowing amend-

ments to a complaint, and no litigant should be deprived of his day in court because of mere technicalities of pleading. (*Daum* v. *Superior Court,* 228 Cal.App.2d 283, 286 [39 Cal.Rptr. 443].) If a plaintiff has a good cause of action but has failed by reason of accident or mistake to set it out in his complaint, the court, on motion for judgment on the pleadings, should, on his application to do so, permit him to amend. (*MacIsaac* v. *Pozzo,* 26 Cal.2d 809, 815 [161 P.2d 449].) This is particularly true, where, as here, the defects were not called to the plaintiff's attention by demurrer, by the joint pretrial statement or by a notice of motion for judgment on the pleadings. (*Ibid.,* p. 816.)

Plaintiff maintains it was, and is, prepared to amend its complaint in the following particulars:

(1) By making the Attorney General a party.

(2) By alleging the factual background of the dispute in more detail, similar to the manner in which the background is set forth in the Deaver complaint.

(3) By alleging—"plaintiff is a non-profit California corporation, whose primary purpose is to further boy scout activities and encourage boys to join scout organizations; that the fulfillment of this purpose is rendered easier and scout activities are encouraged when there is available to the troops in a community convenient and interesting facilities for their meetings, activities, etc.; that all scout troops within San Diego County, including those covered by the trust agreement, were organized through and registered with plaintiff; that the Palomar District is an unincorporated association created by plaintiff for purposes of administrative convenience; that the continued existence of all boy scout troops in the County is subject to the control of plaintiff; that the scout membership of the entire County including that of the Palomar District is kept current with plaintiff and can at any given moment be identified by name, age, address, etc.; that by the terms of plaintiff's articles of incorporation and bylaws it is incumbent upon plaintiff to represent its districts and scout members in matters of the nature here involved; that by virtue of their establishment by and registration with plaintiff, the troops and their members have consented that their activities shall be governed by the provisions of plaintiff's articles and bylaws; that plaintiff and all of the scouts comprising the Palomar District have a community of interest in seeing that the property in question is preserved for the usages set forth in the trust agreement."

(4) By joining the San Diego-Imperial County Council, Inc., of the Girl Scouts of America as a party defendant with appropriate allegation

to the effect its status as to the girl scouts in the Escondido area is similar and parallel to plaintiff's status as to the boy scouts of the Palomar District.

■ If plaintiff has standing to sue to enforce a charitable trust, we think the proposed allegations are sufficient to permit it to sue in a representative capacity under Code of Civil Procedure section 382 which allows a party to sue for the benefit of many where the question is one of a common or general interest to many persons. (*Santa Clara County Contractors etc. Assn.* v. *City of Santa Clara,* 232 Cal.App.2d 564, 568-571 [43 Cal.Rptr. 86]; *Bowles* v. *Superior Court,* 44 Cal.2d 574, 587 [283 P.2d 704].)

■ Corporations Code section 9505 and Government Code sections 12580-12595 place the duty to supervise charitable trusts upon the Attorney General, and ordinarily he is the proper party to enforce them. (*In re Veterans' Industries, Inc.,* 8 Cal.App.3d 902, 919 [88 Cal.Rptr. 303]; *Pratt* v. *Security Trust & Savings Bk.,* 15 Cal.App.2d 630, 640 [59 P.2d 862].) But the right of the Attorney General to sue to enforce a charitable trust is not exclusive: other responsible individuals may be permitted to sue on behalf of the charity. In *Holt* v. *College of Osteopathic Physicians & Surgeons,* 61 Cal.2d 750 [40 Cal.Rptr. 244, 394 P.2d 932], the Supreme Court held the minority trustees of a charitable corporation had capacity to bring an action against the majority trustees to enjoin a threatened breach of trust. In disposing of the contention the Attorney General was the only one empowered to bring such an action, the court stated at pages 755-756: "Although the Attorney General has primary responsibility for the enforcement of charitable trusts, the need for adequate enforcement is not wholly fulfilled by the authority given him. The protection of charities from harassing litigation does not require that only the Attorney General be permitted to bring legal actions in their behalf. This consideration '. . . is quite inapplicable to enforcement by the fiduciaries who are both few in number and charged with the duty of managing the charity's affairs.' [Citation.] There is no rule or policy against supplementing the Attorney General's power of enforcement by allowing other responsible individuals to sue in behalf of the charity. The administration of charitable trusts stands only to benefit if in addition to the Attorney General other suitable means of enforcement are available. 'The charity's own representative has at least as much interest in preserving the charitable funds as does the Attorney General who represents the general public. . . .' " (*Holt* v. *College of Osteopathic Physicians & Surgeons,* 61 Cal.2d 750, 755-756 [40 Cal.Rptr. 244, 394 P.2d 932].)

■ Under the principles announced in the *Holt* case, we see no rea-

son why the San Diego County Council, Boy Scouts of America, parent organization and governing board of all scouts in the San Diego area, charged under its articles of incorporation and bylaws with the duty to represent and protect its districts and the scouts within its districts, should not be permitted to bring suit on behalf of the boy scouts of a particular district within its jurisdiction who are beneficiaries of the trust against a stranger to the original trust, who now holds title to the trust property and allegedly seeks to use the property for other than trust purposes. We can think of no more responsive or responsible party to represent the boy scouts of the Palomar District in such litigation.

We also think it appropriate to point out the City of Escondido, in its pleadings and throughout these proceedings, has maintained it holds title to the property in question free and clear of the original trust agreement and not for the benefit of the Escondido branches of the Boy Scouts of America and the Girl Scouts of America. It has further maintained it intends to sell the property and use the proceeds for "youth parks and recreational development." In effect the City asserts it intends to use the original trust property, or the proceeds from the sale of it, for a wider or broader public use. A similar contention was made by the defendants, including the Attorney General, in *Holt* v. *College of Osteopathic Physicians & Surgeons, supra,* 61 Cal.2d 750, and evoked these comments from the Supreme Court: "In addition to the general public interest, however, there is the interest of donors who have directed that their contributions be used for certain charitable purposes. Although the public in general may benefit from any number of charitable purposes, charitable contributions must be used only for the purposes for which they were received in trust." (P. 754.) "The trust is not fulfilled merely by applying the assets in the public interest." (P. 755.) In view of the City's bald contention it has the right to apply the trust property, or the proceeds from the sale of it, to a wider or broader public use than that provided for in the original trust instrument, the need of the boys and girls who were the original beneficiaries of the trust for representation is at least as great as that of the general public. We think that need can best be met by representation by those who are directly concerned with their interests and welfare.[1]

The plaintiff, San Diego County Council, Boy Scouts of America, has

[1]For this reason we have not been influenced by the Attorney General's statement, made for the first time at oral argument, he has now filed an action to enforce the trust. Neither the San Diego County Council, Boy Scouts of America, nor the San Diego-Imperial County Council, Inc., of Girl Scouts of America are parties to that action, and there is little likelihood they ever will be. Whatever position the Attorney General wishes to take on the merits of the controversy, he may properly assert when he is made a party and pleads in this action.

standing to bring this action. Its request for permission to amend the complaint should have been granted. When it files an amended complaint, both the Attorney General and the San Diego-Imperial County Council, Inc., of the Girl Scouts of America should be made parties to the action with appropriate allegations.

## THE DEAVER CASE

Because of our previous holding, we need not determine whether Scott and Darby Ann Deaver, the former as a member of the boy scouts of the Palomar District, and the latter as a girl scout in the Escondido area, have standing to sue for themselves and on behalf of the other boy and girl scout beneficiaries of the area to enforce the trust. One suit to enforce the trust in which both branches of the scouts of the area are adequately represented is sufficient. In these consolidated appeals, the attorneys representing all of the plaintiffs concede the first action is the more appropriate vehicle with which to litigate the controversy. We agree.

The judgment in 4 Civil No. 9922, is reversed with instructions to the trial court to permit the plaintiff to file an amended complaint in accordance with the views expressed in this opinion. The judgment in 4 Civil No. 10104, is affirmed.

Coughlin, Acting P. J., and Whelan, J., concurred.

Petitions for a rehearing were denied January 25, 1971, and the petitions of the defendant and respondent in No. 9922 and the plaintiffs and appellants in No. 10104 for a hearing by the Supreme Court were denied March 3, 1971.