[No. A031244. First Dist., Div. Three. Sept. 30, 1987.]

PAUL D. HARDMAN et al., Plaintiffs and Appellants, v.
DIANNE FEINSTEIN et al., as Trustees, etc., Defendants and
Respondents.

**COUNSEL**

John Eshleman Wahl for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Dennis Aftergut, Burk E. Delventhal and Randy Riddle, Deputy City Attorneys, for Defendants and Respondents.

**OPINION**

SCOTT, J.—■ ■ ■ ■ This appeal follows the trial court's order sustaining a demurrer to appellants' first amended complaint (complaint) without leave to amend on the ground that appellants do not have standing to bring the action.[1] We affirm. ■ A resident and taxpayer of a city who has no special interest in a charitable trust does not have standing to bring an action seeking to enjoin mismanagement of the trust, even though

---

[1] Appellants purport to have appealed from a judgment sustaining the demurrer without leave to amend, which is nonappealable. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 82, pp. 104-105.) However, the appellate court may, and we do, amend the judgment to make it an appealable judgment of dismissal and construe the notice of appeal as applying to that judgment. (*Beazell* v. *Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390].)

the trust is administered pursuant to a city charter and the trustees are city officials.

I

*Procedural Background*

The complaint alleges the following. Appellants, Paul D. Hardman, Enola Maxwell, Raymond Clary, Lee Dolson, Earl Moss, and Stanley Smith, are residents and taxpayers of the City and County of San Francisco (City). Respondents, Dianne Feinstein, Eugene Friend, Leonard Kingsley, George Fitch, Alexander Mehran, Diane Phillips, Harry Brooks, Jr., George Coombe, Jr., Charles de Limur, Marie Detert, Charles Gould, William Hambrecht, George Hart, James Harvey, Walter Horn, John Jacobs, John Jones, Stephanie MacColl, Doris Magowan, Bernice Martin, Gail Merriam, Carl Reichardt, Georgette Rosekrans, William Scott, Jr., Emmett Solomon, Alex Spanos, Phyllis Wattis, Rodney Willoughby, Alfred Wilsey, Florence Wong, and Robert Young, are the trustees of the Fine Arts Museums of San Francisco (Fine Arts Museums), as established by the City charter. As trustees, they are officers of the City, and hold the assets of the Fine Arts Museums, including an enormous collection of valuable artworks, in trust for the residents and taxpayers of City. Respondents have violated the trust in that they have disposed of or given away artworks for inadequate or no consideration, failed to maintain adequate records of acquisition and disposition of artworks, favored socially prominent individuals by giving them possession of artworks on a long term "loan" basis, and evaded the civil service system of the City by treating certain employees as not part of the civil service system. Appellants seek injunctive and declaratory relief.

Respondents demurred to the complaint on the ground, among others, that appellants lacked standing to sue to enforce the provisions of a charitable trust. In conjunction with the demurrer, respondents requested the trial court to take judicial notice[2] of a report to the board of supervisors on the Fine Arts Museums which contains the history of and information pertaining to the operation of the Fine Arts Museums. The Fine Arts Museums comprises the M. H. de Young Memorial Museum and the California Palace of the Legion of Honor. In 1919, M. H. de Young conveyed his museum buildings and their contents to the park commission of the City by deed of trust. Under the provisions of the trust, the City must operate,

---

[2] Evidence Code section 452 provides that the court may take judicial notice of "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (§ 452, subd. (h).) The trial court sustained the demurrer after consideration of the matters of which respondents requested the court to take judicial notice.

insure, and maintain the building and its contents as a museum for the use, benefit, and enjoyment of the people forever. In 1921, Mr. and Mrs. Spreckels conveyed in trust the California Palace of the Legion of Honor and its contents to the City park commissioners as a museum of paintings and sculptures dedicated to the memory of San Franciscans who were killed during World War I. Under the terms of the deed of gift, the City must keep, preserve, and maintain the building and its contents in the manner best befitting the "sentiments of honor, nobility and patriotism which the building is designed to commemorate."

Although initially both donors vested responsibility for the museums in the City park commission, subsequently boards of trustees for each museum were created and the museums were conveyed in trust to their respective boards. In 1972, in accordance with the City charter, the two museums were administratively merged to form the Fine Arts Museums of San Francisco, headed by a single board of trustees. The City charter provides that the administration and control of the Fine Arts Museums shall be continued under the conditions imposed by the terms of the respective donations of the museums.

## II

### Discussion

The facts of which the trial court took judicial notice set forth above establish that the Fine Arts Museums is a charitable trust. ■ A charitable trust is defined as: ". . . a fiduciary relationship with respect to property arising as a result of a manifestation of an intention to create it, and subjecting the person by whom the property is held to equitable duties to deal with the property for a charitable purpose." (Rest.2d Trusts, § 348, p. 210.) ■ Art museums advance education and therefore serve a charitable purpose. (4 Scott on Trusts (3d ed. 1967) § 370, p. 2871.)

■ Because the beneficiaries of charitable trusts, unlike beneficiaries of private trusts, are ordinarily indefinite, the Attorney General has primary responsibility for the supervision of charitable trusts, and generally he is the proper party to enforce them. (See Uniform Supervision of Trustees for Charitable Purposes Act [Gov. Code, § 12580 et seq.]; Corp. Code, § 5142; *Holt* v. *College of Osteopathic Physicians & Surgeons* (1964) 61 Cal.2d 750, 754 [40 Cal.Rptr. 244, 394 P.2d 932]; *People* v. *Cogswell* (1896) 113 Cal. 129, 136 [45 P. 270]; *San Diego etc. Boy Scouts of America* v. *City of Escondido* (1971) 14 Cal.App.3d 189, 195 [92 Cal.Rptr. 186].) Other than the Attorney General, only certain parties who have a special and definite interest in a charitable trust, such as a trustee, have standing to institute

legal action to enforce or protect the assets of the trust. (*Holt* v. *College of Osteopathic Physicians & Surgeons, supra,* at pp. 754-756; *San Diego etc. Boy Scouts of America* v. *City of Escondido, supra,* at pp. 195-196; *In re Veterans' Industries, Inc.* (1970) 8 Cal.App.3d 902, 921-924 [88 Cal.Rptr. 303]; see Corp. Code, § 5142.) This limitation on standing arises from the need to protect the trustee from vexatious litigation, possibly based on an inadequate investigation, by a large, changing, and uncertain class of the public to be benefited. (Bogert, Trusts and Trustees (2d ed. 1977) § 411, p. 414.)

■ Minority trustees of a charitable trust, a group " ' . . . both few in number and charged with the duty of managing the charity's affairs' [citation]," have a sufficiently definite and special interest in the trust so as to have standing to file an action to enforce the trust. (*Holt* v. *College of Osteopathic Physicians & Surgeons, supra,* 61 Cal.2d at pp. 755-756.) However, a party who has no interest in a charitable trust other than as a taxpayer and a member of the general public to be benefited does not have the requisite interest. (*Pratt* v. *Security Trust & Savings Bk.* (1936) 15 Cal.App.2d 630 [59 P.2d 862].)

*Pratt* was an action by taxpayers to enjoin the alleged mismanagement of the funds of a charitable trust by the trustee and the board of park commissioners of the City of Los Angeles. The trustor had created the trust by will, donating funds for the construction of certain buildings, including a hall of science and observatory. The court held that although a taxpayer under certain circumstances had a right to sue in a representative capacity, such as a suit alleging the failure on the part of a governmental body to perform a duty specifically enjoined, the taxpayers, merely as beneficiaries of the charitable trust, had no standing to bring an action to enforce the trust. (*Id.,* at pp. 636-640.)

■ Accordingly, appellants, who have no special interest in the trust other than as taxpayers and members of the public, do not have standing to bring an action to enjoin the alleged mismanagement of the trust.

Appellants allege that because the trust is administered by City officials pursuant to the City charter, the operation of the trust constitutes governmental activity, and taxpayers are entitled to sue when governmental trustees are damaging the trust res. ■ With one exception,[3] the

---

[3] Appellants cite *National Audubon Society* v. *Superior Court* (1983) 33 Cal.3d 419 [189 Cal.Rptr. 346, 658 P.2d 709] in support of the proposition that any member of the general public has standing to raise a claim of harm to the public trust. The "public trust" doctrine discussed in *National Audubon,* however, is not applicable here. The "public trust" doctrine pertains to abstract trusts, such as tidelands and waterways protected by a public trust (*id.,* at

authorities cited by appellants purportedly in support of their contention all involve the application of Code of Civil Procedure section 526a. That section provides that a taxpayer may bring an action to restrain the illegal expenditure of public funds or property of a county, town, city, or city and county of the state. The purpose of the statute is to enable a large body of the citizenry to challenge governmental action that would otherwise go unchallenged in the courts, including the implementation of illegal governmental policies or unconstitutional statutes, or the illegal disposition of public property. (See *Arrieta* v. *Mahon* (1982) 31 Cal.3d 381, 387 [182 Cal.Rptr. 770, 644 P.2d 1249]; *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 269 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].)

Code of Civil Procedure section 526a does not give rise to a right of action by a resident taxpayer against city officials acting in their capacity as trustees of a charitable trust, based upon alleged breaches of the charitable trust. Cities, towns, and other municipalities are often the designated trustees of charitable trusts. (See 4 Scott on Trusts, *op. cit. supra,* § 378, at p. 2978.) The activity of city officials in implementing a charitable trust constitutes the activity of a trustee governed by his fiduciary obligations under the trust, and not, as appellants contend, governmental activity subject to section 526a. For example, in *Pratt* v. *Security Trust & Savings Bk., supra,* 15 Cal.App.2d 630, the secondary trustee under the trust was the City of Los Angeles with the board of park commissioners as the administrative authority charged with the acceptance of the trust. In accepting the trust, the City agreed at its own cost and expense to construct the necessary roads, to plant trees and shrubs surrounding the trust buildings, and thereafter to maintain the trust buildings. (*Id.,* at pp. 633-634.) Even though the City of Los Angeles was a trustee and the trust provided for the expenditure of public funds to improve and maintain the trust assets, the court held that an action to enjoin certain alleged breaches of the trust could not be entertained by taxpayers who had no special interest in the trust. (*Id.,* at pp. 640-641.)

In the instant case, although the Fine Arts Museums allegedly is administered by City officials, the trust assets do not constitute public assets but rather the res of a charitable trust. Respondents, in operating the museums, are fulfilling their fiduciary obligations as trustees of the trust. Accordingly, the misfeasance alleged is not illegal governmental activity or the misappropriation of public property, but the mismanagement of a charitable trust. Code of Civil Procedure section 526a therefore does not apply.

The trial court therefore properly concluded that appellants had no standing to bring an action against the trustees of the Fine Arts Museums, a

---

p. 431), and not to formal trusts created by the transfer by a trustor to a trustee of a specific trust res.

charitable trust, to enjoin the alleged breaches and mismanagement of the trust.

## III

### *Disposition*

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.

Appellants' petition for review by the Supreme Court was denied December 16, 1987.