Filed 1/27/14  Wiltgen v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION TWO

|  |  |
|---|---|
| LEAH WILTGEN et al., | |
| Petitioners, | E059852 |
| v. | (Super.Ct.No. INC1100102) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| WILLIAM J. HEALEY III et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John G. Evans, Judge.

Petition is granted in part and denied in part with directions.

Best, Best & Krieger, Irene S. Zurko and Kira L. Klatchko for Petitioners.

No appearance for Respondent.

Kramer, Deboer & Keane and Jeffrey G. Keane for Real Parties in Interest.

1

DISCUSSION

In this matter we have reviewed the petition and the opposition filed by real parties in interest. While real parties' failure to address the essential merits of the case could be deemed a concession, we have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance with respect to certain issues is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

First, while we have been unable to determine exactly what legal theories real parties intend to present in the cause of action labeled "negligence," we conclude that it is appropriate to sever out whatever claim real parties make based on petitioners' alleged misuse of funds and/or the "waste" of real parties' time and effort. (See *Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848.) Insofar as real parties may intend to press claims for defamation or the failure to provide insurance coverage, we will deny the petition as petitioners did not address any such claims.[1]

"The primary responsibility for supervising charitable trusts . . . for ensuring compliance with trusts and articles of incorporation, and for protection of assets held by charitable trusts and public benefit corporations, resides in the Attorney General." (Gov. Code, § 12598; *City of Palm Springs v. Living Desert Reserve* (1999) 70 Cal.App.4th

---

[1] We do note that real parties' assertion that petitioners failed to maintain errors and omissions coverage in their favor may be confusing such a duty (which does not appear to be reflected in the bylaws) with the obligation imposed by the school district that booster clubs maintain *liability insurance*.

2

613.) It is quite true that in an appropriate case, an action to enforce the terms of a trust may be brought by fiduciaries of the trust or by the direct, identifiable beneficiaries of the trust. (See generally *San Diego etc., Boy Scouts of America v. City of Escondido* (1971) 14 Cal.App.3d 189.) But that is a far cry from allowing any disgruntled donor to pursue personal litigation seeking personal damages against the current fiduciaries based on alleged breach of the charitable intention. Indeed, real parties' cross-complaint does not even purport to state a claim on behalf of any charitable organization or the beneficiaries thereof.

We note that this matter does not involve a claim that charitable donations were induced by false promises as to the use of the funds, and we express no opinion on any such claim.

Accordingly, we have no difficulty in determining that, as a matter of law, this claim fails and petitioners were entitled to summary adjudication of the issue. We grant the petition in this respect.

## DISPOSITION

The petition for writ of mandate is granted in part and denied in part. Let a peremptory writ of mandate issue directing the superior court to vacate its order denying summary adjudication of the claim for mismanagement or misuse of funds in the cause of action labeled "negligence," and to enter a new order granting the motion in that respect only. In all other respects the petition is denied.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. In the interest of justice, the parties are to bear their own costs.

The previously ordered stay is lifted.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.

4