Filed 8/27/24  Hiramanek v. Estate of Hiramanek CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ADIL HIRAMANEK,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>ESTATE OF RODA HIRAMANEK,<br><br>  Defendant and Respondent. | H049880<br>(Santa Clara County<br>Super. Ct. No. 2PR189430) |

This appeal is from the appointment of an administrator for the estate of Roda Hiramanek, who passed away on January 16, 2020.  Ms. Hiramanek's son, Adil Hiramanek (Hiramanek), appeals, challenging the administrator's appointment on more than a dozen grounds.  As explained below, we reject each of these grounds and affirm.

## I.  BACKGROUND

### A.  The Dresser Claim

In February 2014, William Dresser, Roda Hiramanek's former counsel, obtained a judgment against her for $177,838.66.  By November 2021, more than $120,000 in interest had accrued, bringing Dresser's claim to just under $300,000.

### B.  The Initial Petition

On January 13, 2021, slightly less than a year after Roda Hiramanek passed away, Debra Lumley filed a petition for authorization to administer Ms. Hiramanek's estate.  Lumley was represented by Dresser, who appears to be her employer.  The petition

alleged that Ms. Hiramanek resided in San Jose at the time of her death, that she died intestate, and that she had a son (appellant Hiramanek). The petition also asserted that Lumley was a California resident and entitled to letters of administration but did not assert entitlement to priority in appointment.

Notice of the petition and the hearing on it was mailed to Hiramanek on the same day that the petition was filed. On March 18, 2021, Hiramanek filed an opposition. He asserted a variety of objections: He was not served; Lumley lacked standing; his mother left a will appointing him as her executor; the Court of Appeal, Third Appellate District (Third District) recognized him as his mother's personal representative; he was entitled to priority over Lumley; his mother's estate was subject to summary disposition; and Dresser and Lumley were unfit to act as administrators because of Dresser's adversity to the deceased and disciplinary action against him by the State Bar many years earlier. Hiramanek did not file an accompanying petition for administration of his mother's estate or for appointment as her personal representative.

On April 1, 2021, the probate court held a hearing on Lumley's petition. The court informed Lumley, who was represented at the hearing by Dresser, that there were procedural deficiencies in her petition. The court also asked Hiramanek whether he intended to file a petition for appointment as personal representative. In response, Hiramanek questioned whether he was required to file a petition and requested the maximum possible continuance. The probate court continued the hearing until July 1, 2021.

In June 2021, Hiramanek filed additional objections. In addition to repeating several previously asserted objections, Hiramanek asserted for the first time that his mother had executed a trust which appointed him as executor, trustee, and personal representative. Two weeks later, Hiramanek filed an application to seal confidential documents and simultaneously lodged what he claimed to be his mother's revocable

living trust. The record does not show that the probate court ruled on the application or that the lodged documents were filed.

### C. The Amended Petition

After a hearing was held on July 1, 2021, Lumley filed an amended petition. In addition to repeating the initial petition's allegations concerning Roda Hiramanek's death, residence, and intestacy, the amended petition explained its objective: "to have an administrator appointed who can receive a claim for damages against the Estate," including in particular Dresser's claim based on his 2014 judgment (which. the attachment noted, the Third District recently had upheld). The amended petition was mailed to Hiramanek, and notice of the petition and the hearing concerning it was published in a local newspaper of general circulation.

Lumley subsequently filed a supplement to the amended petition and a supplemental declaration. In these documents, Lumley asserted that she was not a surviving business partner of the deceased and, indeed, had no relationship to the deceased, was an adult, was not subject to conservatorship, and was a resident of the United States. Lumley also asserted that she possessed "good organizational skills" and was "able to keep track of details." Finally, Lumley observed that no competing petition had been filed.

On October 4, 2021, Hiramanek filed additional objections. In addition to repeating previous objections, Hiramanek attacked Dresser and Lumley, asserting, among other things, that Dresser's claim against his mother's estate was untimely and that Dresser and Lumley had conflicts of interest. Hiramanek again submitted an application to file documents under seal and simultaneously lodged with the court a number of documents, including a purported will and a purported trust. It does not appear that the probate court ruled on this application or that the lodged documents were filed.

3

## D. The Appointment

On October 7, 2021, the probate court held a hearing on Lumley's amended petition. Dresser appeared on behalf of Lumley, but Hiramanek was not present when the case was called. The trial court granted the amended petition, subject to submission of a proposed order. After the hearing concluded, an anonymous caller—presumably, Hiramanek—appeared in the court's virtual waiting room, but Dresser was no longer in the courtroom and the court declined to recall the case.

On November 1, 2021, another hearing was held, this time attended by Hiramanek as well as Dresser. Hiramanek asserted that he had filed a petition for appointment as personal representative, but the probate court found no petition in the e-filing queue. (A petition was filed later that day.) The court found that Lumley's amended petition was properly served and was "complete and procedurally sound." Accordingly, the court granted the petition to appoint Lumley as administrator of the estate of Roda Hiramanek, but with limited authority, rather than the full authority requested by Lumley. In addition, as reflected in the minute order, the court indicated that "[i]n the event a counter-petition is submitted, the court will give full consideration to the counter-petition."

On November 17, 2021, the probate court issued a formal order granting the amended petition. In the order, the court found that on January 16, 2020, Roda Hiramanek had died intestate while a resident of San Jose and Santa Clara County. In addition, the order appointed Lumley as administrator but—contrary to Lumley's request for full authority—with limited authority, explaining that Lumley had "no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with [a] loan secured by an encumbrance on real property." No bond was required, but Lumley was obliged to advise the court upon identification of any assets of the estate and to notify the Court to request that a bond be set.

4

On December 9, 2021, after Dresser had filed a creditor's claim against decedent's estate, the clerk of the court issued letters of administration to Lumley.

On December 6, 2021, three days before the letters of administration issued, Hiramanek filed a timely notice of appeal from the probate court's November 1, 2021 minute order and its November 17, 2021 formal order granting Lumley's amended petition. (See Prob. Code, § 1303, subd. (a) [making orders granting letters of administration immediately appealable].)

## II. DISCUSSION

Hiramanek challenges the appointment of Lumley on multiple grounds, which are addressed below. However, before doing so, we first consider several issues relating to the record.

### A. The Record

#### 1. *The Settled Statement*

Hiramanek elected to proceed on this appeal by settled statement. After doing so, Hiramanek filed with the probate court a proposed statement containing "hearing narratives"—purportedly verbatim transcriptions—of several hearings. Although the probate court issued an order on Hiramanek's requested settled statement, it declined to certify the accuracy of Hiramanek's hearing narratives. The probate court stated that it could not do so because the court had no reporter for the hearings in question, and neither party had requested appointment of an official reporter pro tempore. Nonetheless, the court stated that the hearing narratives "appear to capture the essence of the orders made." Accordingly, we consider the hearing narratives only to the extent that they describe the probate court's orders.

In considering Hiramanek's hearing narratives, we do not condone his apparent violation of rule 1.150 of the California Rules of Court, which generally bars recording of court proceedings. Rule 1.150(c) of the California Rules of Court provides: "Except as provided in this rule, court proceedings may not be photographed, recorded, or

5

broadcast." Further, rule 1.150(d) states: "A person proposing to use a recording device must obtain advance permission from the judge. The recordings must not be used for any purpose other than as personal notes."

### 2. The Estate's Request for Judicial Notice

Acting as the personal representative of the estate, Lumley has requested that judicial notice be taken of eight documents. One of these documents is the unpublished opinion from the Third District affirming the 2014 judgment that Dresser seeks to enforce. (*Dresser v. Hiramanek* (Jul. 9, 2021, C082948) [nonpub. opn.] (*Dresser*).) With the exception of an order in the Third District appeal, the remaining documents concern the litigiousness and alleged improper conduct of Hiramanek and his mother. Because the Third District opinion helps to explain the factual background of this case, we grant the request to take judicial notice of the opinion. (See *K.G. v. Meredith* (2012) 204 Cal.App.4th 164, 172, fn. 9.) However, we otherwise deny the request to take judicial notice because the remaining documents are not relevant to the disposition of this appeal. (See *Jordache v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6 (*Jordache*) [declining to take judicial notice of materials that are not "necessary, helpful, or relevant"].)

### 3. Hiramanek's Request for Judicial Notice

Hiramanek requests that judicial notice be taken of 64 documents, totaling more than 550 pages. Three of these documents—a declaration, a probate order, and a complaint Hiramanek's mother filed against Dresser—are already in the clerk's transcript, and therefore we deny the request to take judicial notice of them as unnecessary. (See, e.g., *Adams v. Bank of America, N.A.* (2020) 51 Cal.App.5th 666, 673-674, fn. 4.) The remaining documents largely concern unrelated cases and disciplinary proceedings. As they are not relevant to our disposition of this appeal, we deny the request with respect to these documents as well. (See *Jordache*, *supra*, 18 Cal.4th 739, 748, fn. 6.)

## B. The Probate Court's Findings

Turning to the appointment of Lumley as administrator of Roda Hiramanek's estate, we review the trial court's order for substantial evidence. (See, e.g., *In re Winder's Estate* (1950) 98 Cal.App.2d 78, 90; see also *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 [noting that trial court rulings are presumed correct on appeal and that the appellant bears the burden of rebutting the presumption].) We conclude that the probate court made the findings required by the Probate Code and that these findings were supported by substantial evidence.

### 1. *Probate Proceedings*

"In probate proceedings, the court appoints a personal representative to administer the decedent's estate," who is called an "administrator" where the decedent dies intestate or the decedent's will does not name an executor. (*Estate of Wardani* (2022) 82 Cal.App.5th 870, 880.) An administrator does not gain authority to administer an estate until a probate court has appointed the administrator and issued letters of administration to him or her. (Probate Code, § 8400, subd. (a); but see § 13000-13211 [providing for the collection and transfer of property in smaller estates outside of probate administration].) (Subsequent undesignated statutory references are to the Probate Code.) In the appointment of administrators, relatives of the decedent have priority (§ 8461, subds, (a)-(n)), but conservators, public administrators, and, indeed, "[a]ny other person" may be appointed as administrators if no competent person with higher priority seeks appointment. (§ 8461, subds. (o)-(r); see also § 8402, subd. (a) [listing circumstances in which a person is not competent].)

The administration of an estate may be initiated by filing a petition to appoint a personal representative or to probate a will. (§ 8000, subd. (a).) Such petitions must provide the date and place of the decedent's death; the decedent's address at the time of death; the name, age, address, and relation of each heir or devisee as known or reasonably ascertainable; the character and estimated value of the property in the estate; and the

name of the person for whom appointment is requested. (§ 8002, subd. (a).) The appointment of an administrator may be contested. (§ 8004, subd. (a).) However, if a contestant asserts that a different person should be appointed, the contestant must "file a petition and serve notice in the manner" provided by the Probate Code, and the probate court "shall hear the two petitions together." (*Ibid.*)

At the hearing on a petition for appointment of an administrator, the probate court is required to find that specified "jurisdictional facts" have been established concerning the decedent's death, the decedent's domicile, and publication of notice. (§ 8005, subd. (b)(1) [listing jurisdictional facts]; see also § 8005, subds. (b)(2), (3) [also requiring probate court to determine whether existence of a will has been shown and that notice of the hearing was properly served].) If these jurisdictional facts are established, the probate court must issue an order determining the time and place of the decedent's death and the court's jurisdiction. (§ 8006, subd. (a).)

If probate has not been opened, a creditor may initiate administration of an estate to prevent its claims against the estate from becoming time-barred. (See, e.g., *Dawes v. Rich* (1997) 60 Cal.App.4th 24, 36, fn. 6 ["a creditor may file a petition to probate a debtor's estate and a creditor's claim against the estate"]; see also *Estate of Holdaway* (2019) 40 Cal.App.5th 1049, 1053-1054 [noting that the opening of probate proceedings tolls the statute of limitations on claims against a decedent].)

### 2. *Completeness*

The probate court found that Lumley's petition was "complete." This finding was amply supported. The Probate Code requires that a petition to appoint an administrator contain the following information: "(1) The date and place of the decedent's death. [¶] (2) The street number, street, and city, or other address, and the county, of the decedent's residence at the time of death. [¶] (3) The name, age, address, and relation to the decedent of each heir and devisee of the decedent, so far as known to or reasonably ascertainable by the petitioner. [¶] (4) The character and estimated value of the estate.

8

[¶] (5) The name of the person for whom appointment as personal representative is petitioned." (§ 8002, subd. (a)(1).) The petitions submitted by Lumley contained the date and place of Roda Hiramanek's death; the address of her residence at the time of death; the name, age, address, and relationship of Hiramanek to his mother; and the name of the person to be appointed (Lumley). In addition, the petitions stated that the character and estimated value of the estate were unknown to the petitioner, which Hiramanek has not challenged.

### 3. *Jurisdiction*

The probate court also found that Lumley's petition was "procedurally sound," which we understand to mean that the petition established the court's jurisdiction to administer the estate of Roda Hiramanek. In particular, the Probate Code requires that three jurisdictional facts be established: "(A) The date and place of the decedent's death. [¶] (B) That the decedent was domiciled in this state or left property in this state at the time of death. [¶] (C) The publication of notice under Article 3 (commencing with Section 8120) of Chapter 2" of the Probate Code. (§ 8005, subd. (b)(1)].) The evidence presented by Lumley satisfied each of these requirements.

Lumley's amended petition, which she asserted was true and correct under penalty of perjury, established the first two requirements. First, the amended petition stated that Roda Hiramanek died on January 16, 2020 at the San Jose Regional Medical Center. Second, the amended provided the address in San Jose where Ms. Hiramanek resided at the time of her death.

In addition, Lumley presented evidence establishing the third jurisdictional fact, publication of notice. The Probate Code requires both service and publication of notice of hearing on a petition to administer an estate. (§ 8120 [requiring that notice of hearing be served "as provided in Article 2 (commencing with Section 8110)" and published "in the manner provided in this article"].) Lumley presented evidence that on September 20, 2021, Hiramanek was served by mail with notice of the amended petition

9

to administer his mother's estate and of the October 7, 2021 hearing on that petition, which satisfies the requirement of providing notice at least 15 days before the hearing. (§ 8110.)  In addition, Lumley presented evidence that notice of the amended petition and its hearing date were published in the San Jose Post-Record, a newspaper of general circulation, on September 22, 23, and 29, 2021.  This publication satisfies the requirements that notice of hearing on a petition for administration of a decedent's estate be published in a newspaper of general circulation (see § 8121, subd. (b)), and that the notice be published at least three times, with the first publication at least 15 days before the hearing and at least five days between the first and last publication dates (see *id.*, subd. (a)).

Although Hiramanek notes in passing that a probate court may not acquire jurisdiction to appoint an administrator unless the notice required by statute is given, he does not argue that Lumley failed to present evidence sufficient to establish that such notice was given.  Instead, Hiramanek asserts that the trial court lacked jurisdiction over his mother's estate because Lumley failed to show that her estate falls outside the Probate Code's provisions for summary disposition of small estates.  (See §§ 13000-13211.)  In particular, Hiramanek faults Lumley for not showing that his mother's estate exceeds $166,250, which Hiramanek asserts is the threshold for applying the summary disposition rules.  (In fact, the threshold is $166,250 "as adjusted periodically in accordance with Section 890."  (§ 13100.))  However, contrary to Hiramanek's assumption, section 13100 does not prohibit formal administration of an estate absent proof that the size of the estate falls below its threshold (and Hiramanek has failed to present any competent evidence that in fact it does).  To the contrary, the Probate Code's summary disposition rules merely provide a procedure for the summary collection and transfer of personal property by affidavit or declaration.  (§§ 13101-13107.5.)  Hiramanek presents no authority suggesting that applicability of this procedure precludes a petition to administer.  Nor can he.  Far from precluding formal administration of small estates, the Probate Code states

10

that, absent consent in writing from the decedent's personal representative, the summary disposition procedure may not be used if a "proceeding for the administration of the decedent's estate is pending." (§ 13108, subd. (a)(1); see also *id.*, subd. (a) ["The procedure provided by this chapter may be used only if one of the following requirements is satisfied:  [¶] (1) No proceeding for the administration of the decedent's estate is pending or has been conducted in this state.  [¶] (2) The decedent's personal representative consents in writing to the payment, transfer, or delivery of the property described in the affidavit or declaration pursuant to this chapter."].)

### 4. *Competence*

In granting Lumley's petition, the trial court also implicitly found Lumley competent to serve as a personal representative and to administer the estate of Roda Hiramanek.  This finding is supported by substantial evidence.

Under the Probate Code, a person is not competent to serve as a personal representative in five circumstances:  "(1) The person is under the age of majority.  [¶] (2) The person is subject to a conservatorship of the estate or is otherwise incapable of executing, or is otherwise unfit to execute, the duties of the office.  [¶] (3) There are grounds for removal of the person from office under section 8502.  [¶] (4) The person is not a resident of the United States.  [¶] (5) The person is a surviving business partner of the decedent and an interested party objects to the appointment."  (§ 8402, subd. (a).)

In an attachment to the amended petition, Lumley submitted evidence showing that four of the five circumstances do not apply.  Lumley showed that she is not a minor, is not subject to a conservatorship or otherwise unable to perform the duties of a personal representative, is a resident of the United States, and is not a former partner of Roda Hiramanek.  In addition, Lumley represented that she has "good organizational skills and is able to keep track of details," which rebuts one of the grounds for removal under section 8502, which is incorporated into section 8402.  (See § 8502, subd. (b) ["The personal representative is incapable of properly executing the duties of the office or is

11

otherwise not qualified for appointment as personal representative."]; see also § 8402, subd. (a)(3) [providing that a person is not competent to act as a personal administrator if "[t]here are grounds for removal of the person from office under Section 8502"].)

Hiramanek asserts another ground for removal under section 8502: that Dresser—not Lumley—"committed a fraud on the estate, or is about to do so." (§ 8502, subd. (a); see also § 8402, subd. (a)(3) [incorporating § 8502].) In particular, Hiramanek contends that Dresser is "alleging a claim of contingent attorney fees against decedent, for no work performed . . . and where the contingency never occurred." However, by affirming the judgment against Roda Hiramanek in the principal sum of $177,838.66 in *Dresser*, the Third District upheld the claim that Dresser seeks to enforce against her estate, and we have no reason or authority to question that determination. In addition, there is nothing improper about attempting to have an estate pay an established debt, which is what Lumley has said she intends to do. To the contrary, the Probate Code expressly recognizes that "[c]reditors" may be appointed to administer an estate. (§ 8461, subd. (q).) And the probate court protected Hiramanek by granting Lumley only limited authority, which prohibits her from selling, exchanging, granting options to purchase, encumbering, or purchasing real property on behalf of the estate. For the same reasons, we reject Hiramanek's objection that Lumley has a conflict of interest because she is acting on behalf of Dresser and Dresser is seeking to recover the judgment for attorney's fees, which, as previously noted, the Third District has affirmed.[1]

---

[1] Hiramanek also accuses Dresser and Lumley of perjury and acting with unclean hands because the petitions filed by Lumley indicated that Hiramanek's mother left no will.) However, as we observe below, Hiramanek failed to file the will that he claims that his mother executed until after the rehearing on the Lumley petition, even though it was held more than nine months after the petition was filed. Nor was the will authenticated or even considered by the probate court. Even more important, other than citing his own unsubstantiated claims concerning the existence of the will, Hiramanek has cited no evidence that Dresser or Lumley was aware of the will. In addition, we reject Hiramanek's argument, which he fails to support with any legal argument, that the probate court erred in appointing Lumley as administrator because of a 2009 disciplinary

## 5. *Service*

In addition to finding Lumley's amended petition complete and procedurally sound, the trial court also found that service of the amended petition was valid. While Hiramanek denies that he was served, the trial court's finding that he was validly served is supported by substantial evidence. In particular, proofs of service showed that the petition and the amended petition were mailed to him at the same address listed on his filings in the trial court. While Hiramanek questions the validity of these proofs of service because they were filled out by Lumley, the trial court disagreed, and as an appellate court, our review "begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the trial court's factual determination. [Citations]." (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 501.) We therefore uphold the probate court's finding that Hiramanek was validly served.[2]

---

proceeding against Dresser. (See, e.g., *People v. Stanley* (1995) 10 Cal.4th 764, 793 (*Stanley*) [" '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citations.]"].)

[2] Because the trial court certified only that Hiramanek's Hearing Narratives captured the essence of the court's orders, we do not consider Hiramanek's assertion that he objected to the lack of service during the April 1, 2021 and August 25, 2021 hearings. We also decline to consider Hiramanek's assertion that the petition for administration was not served on his mother's offshore children and heirs, because this assertion was not raised until Hiramanek's reply brief and is unsupported by any evidence that offshore children and heirs exist. (See, e.g., *Habitat & Watershed Caretakers v. City of Santa Cruz* (2013) 213 Cal.App.4th 1277, 1292, fn. 6 ["Arguments presented for the first time in an appellant's reply brief are considered waived."].) Finally, as the probate court made express findings in support of its order appointing Lumley as administrator, and those findings were supported by substantial evidence, we reject Hiramanek's assertion that the trial court granted Lumley's petition because it was unopposed.

### C. Hiramanek's Objections

Hiramanek raises a number of objections to Lumley's appointment in addition to those discussed above. We do not find any of them persuasive.

#### 1. *The Trust*

Hiramanek's first argument is that Lumley's petition to administer Roda Hiramanek's estate should have been dismissed or at least placed in abeyance because her estate's assets had been placed into a trust, the existence of which Hiramanek asserted before the petition was granted. In fact, the document Hiramanek claims to be the trust was never filed in the trial court. Hiramanek lodged the purported trust document in connection with two applications to seal records. But there is no order in the record granting either application, and therefore the record shows that the purported trust document was never filed or served upon Lumley. Moreover, Hiramanek has failed to cite any authority that required the probate court to consider the claimed trust before addressing Lumley's petition. (See *Stanley*, *supra*, 1 Cal.4th at p. 793 [requiring citation of legal authority on points asserted].) As a consequence, we conclude that the probate court did not err or abuse its discretion by considering Lumley's petition before addressing the existence of the claimed trust.[3]

#### 2. *Standing*

Hiramanek also contends that Lumley is not an "interested person" under the Probate Code and therefore lacked standing. In particular, Hiramanek argues that Lumley lacked standing to "file a petition to *administer*" and that "[i]ssuing letters of administration to . . . an *uninterested* party . . . is unauthorized." In support of this argument, Hiramanek cites cases on standing to contest wills (*Estate of Sobol* (2014) 225

---

[3] We also reject Hiramanek's contention that any claim by Dresser against the trust is untimely based upon the prior notice the trustee allegedly gave creditors; there is no evidence that the trustee of the purported trust gave creditors notice of the need to file claims. (See § 19100, subd. (a) [providing that creditors may file claims within sixty days after notice is served on them or four months after publication of notice].)

Cal.App.4th 771, 781), to bring elder abuse claims as the beneficiary of a trust (*Likter v. Likter* (2010) 189 Cal.App.4th 712, 728), and to challenge or enforce the terms of a trust (*Barefoot v. Jennings* (2020) 8 Cal.5th 822, 826-828; *Patton v. Sherwood* (2007) 152 Cal.App.4th 339, 344-345; *Hardman v. Feinstein* (1987) 195 Cal.App.3d 157, 161-162)), as well as cases concerning priority of appointment (*Estate of Cook* (1916) 173 Cal. 465, 471-472; *Estate of Walker* (1915) 169 Cal. 400, 401; *Estate of Jacobs* (1950) 100 Cal.App.2d 452, 453). We are not persuaded.[4]

Notably absent from Hiramanek's briefing on appeal is any mention of section 8461, the statute governing appointment of estate administrators. Far from supporting Hiramanek's standing argument, section 8461 makes it clear that an administrator need not be an interested person. The statute lists, in order of priority, the types of persons "entitled to appointment as administrator." (§ 8461.) Although section 8461 begins with various relatives of the decedent and includes creditors, it ends with "[a]ny other person." (§ 8461, subd. (r).) As "[a]ny . . . person" may serve as an administrator, there is plainly no requirement that estate administrators be interested persons.[5]

---

[4] In claiming that Lumley lacks standing, Hiramanek also relies on section 1043. But that statute concerns one who "appear[s] and make[s] a response or objection in writing at or before the hearing" (*id.*, subd. (a)) or one who "appear[s] and make[s] a response or objection orally at the hearing" (*id.*, subd. (b)). Here, Lumley was the petitioning party.

[5] In the trial court, Hiramanek cited section 8000 in arguing that Lumley lacked standing to be an administrator. We do not consider this section because Hiramanek has not cited it in his appellate briefing and therefore has abandoned any argument concerning it. (See, e.g., *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4.) We also do not consider the unpublished decisions improperly cited by Hiramanek. (See Cal. Rules of Court, rule 8.115; see also *Applied Materials v. Workers' Comp. Appeals Bd.* (2021) 64 Cal.App.5th 1042, 1094 [unpublished appellate decisions "may not be cited or relied upon in any court"].)

### 3. *The Third District Order*

Hiramanek also argues that Lumley is precluded from petitioning to administer his mother's estate by an order of the Third District in *Dresser*, *supra*, C082948, granting Hiramanek's application for substitution as the personal representative of his mother. However, Lumley was not a party to the Third District proceeding, and Hiramanek fails to explain how preclusion rules can be applied to such a third party. (See *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 [appellate courts "need not consider an argument for which no authority is furnished"].) Even more important, the Probate Code grants the superior court, not appellate courts, jurisdiction over the administration of the estate of a decedent, including authority in the first instance to appoint a personal representative of a decedent's estate. (See § 7050; see also §§ 8006, subd. (a), 8469.) As a consequence, while the Third District certainly had the authority to issue an order permitting Hiramanek to substitute as his mother's personal representative for purposes of the *Dresser* appeal, that order did not prevent the probate court from appointing Lumley as Roda Hiramanek's personal representative for purposes of administering her estate.

### 4. *The Will*

Hiramanek argues that he should have been appointed as the personal representative of his mother's estate because he was named the executor of her will. As Hiramanek observes, the Probate Code gives the executor named "in the decedent's will . . . the right to appointment as [the decedent's] personal representative." (§ 8420.) However, just as Hiramanek failed to file or serve the purported trust document, he failed to file or serve the purported will. Hiramanek lodged what he claimed to be his mother's will with his October 4, 2021 application to file records under seal, but the record does not show any order granting the application. Therefore, we conclude that the purported will was never filed.

16

There are other problems as well with Hiramanek's reliance on the purported will. First, as of the time of the final hearing on the Lumley amended petition, Hiramanek had not filed a petition to probate his mother's purported will, which means that its legality was never even considered, let alone established. (See, e.g., *Pearce v. Briggs* (2021) 68 Cal.App.5th 466, 475 ["the will was never probated and its legality was therefore never established"]; *In re Olson's Estate* (1962) 200 Cal.App.2d 234, 237 ["A probate court has no power to consider the legality of a will until it is properly brought before it by a petition for its probate. [Citation]."].) Second, Hiramanek failed to file a timely petition for administration of his mother's estate. The Probate Code generally requires executors to petition for administration within 30 days after the decedent's death, and if a person fails to do so without good cause—and Hiramanek has not asserted such an excuse—"the person may be held to have waived the right of appointment as personal representative." (§ 8001.) Third, Hiramanek did not properly assert that he, rather than Lumley, should have been appointed as personal representative. Under the Probate Code, if a party contests the appointment of a personal representative and contends another person should be appointed, "the contestant shall also file a petition and serve notice in the manner provided in Article 2 (commencing with Section 8110) of Chapter 2, and the court shall hear the two petitions together." (§ 8004, subd. (a).) Hiramanek did not file a petition for appointment as a personal representative until after the trial court granted Lumley's petition.

### 5. *Priority*

Hiramanek also argues that, as the deceased's son, he had priority over Lumley and should have been appointed her personal representative. The defect in this argument already has been pointed out: If Hiramanek had wanted to be considered for appointment as his mother's personal representative instead of Lumley, in contesting Lumley's petition, he was required to have filed and served a petition for his appointment (§ 8004, subd. (a)), which he failed to do.

17

### 6. *Bias*

Finally, Hiramanek asserts that the probate court was biased against him. In particular, Hiramanek complains that, while the court advised Dresser that his petition was deficient and an amended petition should be filed, it refused to answer Hiramanek's questions about, among other things, what he needed to do to get the court to endorse his appointment in the purported trust documents. These complaints do not show bias, and, in any event, they are based on the hearing narratives submitted by Hiramanek, which the trial court certified as accurate only with respect to the orders made. Accordingly, we conclude that Hiramanek has failed to satisfy his burden of proving bias. (See *Betz v. Pankow* (1993) 16 Cal.App.4th 919, 926 ["the burden of proof is on appellant as the party claiming bias to establish facts supporting her position"].)

## III. DISPOSITION

The November 17, 2021 order and the appointment of Debra Lumley as administrator of the estate of Roda Hiramanek are affirmed. Respondent Estate of Roda Hiramanek is entitled to reasonable costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

_____
BROMBERG, J.

WE CONCUR:


_____
GROVER, ACTING P.J.



_____
WILSON, J.



*Hiramanek v. Estate of Hiramanek*
H049880